IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER ONYANCHA & <br> LAWRENCE M. HILL, <br>     Plaintiffs, <br><br> v. <br><br> FIRST HORIZON HOME LOAN <br> CORPORATION, *et al*., <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:13-CV-4012-N-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Now before the Court is Defendants' *Motion for Summary Judgment*, Doc. 12. For the reasons that follow, it is recommended that the motion be **GRANTED**.

**I.   BACKGROUND[1]**

This case arises from the foreclosure sale of Plaintiffs' real property. Onyancha signed a $440,000 promissory note (the "Note") on March 7, 2005, to Defendant First Horizon Home Loan Corporation ("First Horizon"), to purchase the property located at 1724 High Valley Lane, Cedar Hill, Texas 75104 (the "Property"). Doc. 14-3 at 5-11. To secure the Note, Onyancha and his wife, Pamela Onchabo, contemporaneously executed a deed of trust (the "Deed of Trust"). Doc. 14-1 at 32. Onyancha and Onchabo later executed a loan modification agreement on May 12, 2008. Doc. 14-1 at 27-31. On November 26, 2012, Onyancha signed a quitclaim deed transferring his interest in the Property to Plaintiff Lawrence Hill. Doc. 1-4 at 3-5. The Deed of Trust, to which Hill was not a party, was assigned to Defendant First Horizon Home Loans, a

---

[1] The uncontroverted facts are taken from the documents filed in support of Defendants' summary judgment motion, as Plaintiffs failed to respond to Defendants' motion despite the Court's directive to do so. Doc. 15.

Division of First Tennessee Bank, N.A. ("FH Home Loans"), on December 5, 2012.  Doc. 14-1 at 18-19.  At some point, Onyancha defaulted on his obligations under the Note.[2]  Doc. 14-4 at 2-3, 9.  On July 9, 2013, counsel for Defendants notified Onyancha that his obligations under the Note had been accelerated and that the Property would be foreclosed upon on August 6, 2013.  Doc. 14-2 at 3, 5-7.

The property was sold at a public foreclosure sale to FH Home Loans on August 6, 2013.  Doc. 14-1 at 22-25.  Subsequently, Defendants filed a forcible detainer suit to evict all occupants of the Property.  Doc. 1-2 at 4, 6.  Proceeding without the assistance of counsel, Plaintiffs filed this suit in state court on September 24, 2013, requesting a temporary restraining order preventing eviction.  Doc. 1-2 at 2.  Defendants timely removed the case to this Court, asserting diversity jurisdiction.  Doc. 1.  After Defendants filed their answer, Plaintiffs petitioned this Court for injunctive relief, citing an imminent eviction.  Doc. 8; Doc. 9 at 1.  The Court denied their request.  Doc. 9.

In their petition, which the Court liberally construes, Plaintiffs assert claims for breach of contract and wrongful foreclosure, and also request injunctive relief.  Doc. 1-2 at 4–7, 9; *see* *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings).  Specifically, Plaintiffs allege that Defendants failed to provide them notice of the foreclosure sale, in violation of the terms of the Deed of Trust.  Doc. 1-2 at 7.  Plaintiffs also aver that the substitute trustee was appointed six days after the foreclosure sale occurred and thus lacked authority to conduct the sale.  Doc. 1-2 at 5.  Defendants have moved for summary judgment on all of Plaintiff's claims.  Doc. 12.

---

[2]  Because Plaintiff failed to respond to a request for admission of this fact, it is deemed admitted.  FED. R. CIV. P. 36(a)(3).

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

However, the district court cannot grant a motion for summary judgment merely because a plaintiff has failed to respond to it. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)).  A summary judgment movant always has the burden of establishing the absence of a genuine issue of material fact, and unless it has done so, the district court may not grant summary judgment, notwithstanding the fact that the non-movant has failed to respond. *John*, 757 F.2d at 708.  Nonetheless, the district court may accept as undisputed any facts listed in support of the motion for summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  Accordingly, if the movant's uncontested

submissions establish a prima facie entitlement to summary judgment, the court properly may grant summary judgment in favor of movant.

### III.  DISCUSSION

**A.  Breach of Contract**

Plaintiffs allege Defendants breached the Deed of Trust by failing to mail them the notice of foreclosure sale.  Doc. 1-2 at 5.  In their motion for summary judgment, Defendants argue that Plaintiffs cannot maintain a cause of action for breach of contract because, contrary the Plaintiffs' allegations, the notice of sale was provided to Onyancha in accordance with the Deed of Trust.[3]  Doc. 13 at 4.  Defendants further assert that, even if Plaintiff never received the notice of foreclosure, the Texas Property Code considers service complete when notice is deposited in the mail.  Doc. 13 at 4-5.

Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach.  *Sport Supply Grp. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Here, the Deed of Trust provides that the lender "shall mail a copy of the notice [of foreclosure sale] to Borrower in the manner prescribed by Applicable Law."  Doc. 14-1 at 41.  As Defendants correctly argue, Texas law provides that service of a notice of foreclosure sale by certified mail is complete "when the notice is deposited in the United States mail, postage

---

[3]  A review of the Note and Deed of Trust at issue here reveals that Hill was not a party to either. Doc. 14-1 at 32; Doc. 14-1 at 27-31.  Defendants assert that Hill consequently lacks standing because he was not in privity with Defendant.  *See Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988).  However, since Onyancha allegedly transferred his interest to Hill by a quitclaim deed executed prior to foreclosure (Defendant was not a party to such transfer), Doc. 1-4 at 3-5, he could have a "legal or equitable" interest in the Property affected by the foreclosure sale, and, thus, standing, *Goswami*, 751 S.W.2d at 489.  Nevertheless, because Plaintiffs' claims fail on the merits, the Court need not address the issue of Hill's standing to sue.

prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE ANN. § 51.002.  Defendants have presented uncontroverted evidence establishing that Onyancha was properly served.  Doc. 14-2 at 3 (Declaration of Tina Pavlock that notice of sale was sent to Onyancha via first class mail and certified mail); Doc. 14-4 at 11 (Plaintiff Onyancha's deemed admission under FED. R. CIV. P. 36(a)(3) that he was properly served with notice of foreclosure sale).  Accordingly, Defendants are entitled to summary judgment on this issue.

     **B.  Wrongful Foreclosure**

Plaintiffs allege that, in addition to Defendants' failure to provide adequate notice of the foreclosure sale, the sale itself was improper because Substitute Trustee Shelley Ortolani was "only granted apparent authority to conduct the foreclosure . . . after the foreclosure sale had already occurred."  Doc. 1-2 at 5.  Defendants counter in their motion for summary judgment that Ortolani was substituted as trustee four months before the foreclosure sale.  Doc. 13 at 7-8. Defendants further argue that there is no evidence that either alleged defect in the foreclosure procedures caused a grossly inadequate sale price; thus, they are entitled to summary judgment on this claim.  Doc. 13 at 6-7.

Under Texas law, the elements of wrongful foreclosure are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008).

As discussed in the previous sub-section, Defendants' uncontroverted evidence establishes that Plaintiffs were properly notified of the foreclosure sale.  Additionally, the evidence establishes that Ortolani was appointed substitute trustee four months before the foreclosure sale.  Doc. 14-1 at 20-21 ("REMOVAL OF TRUSTEE AND APPOINTMENT OF

SUBSTITUTE TRUSTEE" executed April 15, 2013). In any event, Plaintiffs have not pled, nor is there evidence in the record showing, that the Property was sold at a grossly inadequate price due to the alleged defects in the foreclosure process. Defendants' motion for summary judgment should be granted as to Plaintiffs' wrongful foreclosure claim.

### C. Injunctive Relief

Defendants argue that because Plaintiffs' substantive claims fail, they are entitled to summary judgment on Plaintiffs' claim for injunctive relief. Doc. 13 at 9. The four elements a party must establish to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). As stated herein, summary judgment in favor of Defendants is merited on Plaintiffs' substantive claims; therefore, Plaintiffs are not entitled to injunctive relief. *See Brown v. Ke Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.--Houston [1st Dist.] 2008) ("injunction is an equitable remedy, not a cause of action" unto itself, and a party thus can secure an injunction only by showing a likelihood of recovery "through a claim or cause of action" (quotation omitted)).

## IV.  CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motion for Summary Judgment*, Doc. 12, be **GRANTED**.  All of Plaintiffs' claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 8, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE